**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT COCHRAN, | ) | CASE NO: 1:10-cv-1338 |
| | ) | |
| Plaintiff, | ) | JUDGE LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| BENNY KELLY, Warden, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Respondent. | | |

This matter is before the Magistrate Judge pursuant to Local Rule 72.2.

Petitioner, Robert Cochran ("Cochran"), challenges the constitutionality of his conviction

in the case of *State v. Cochran*, Case No. CR 467979 (Cuyahoga County 2005).

Cochran filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June

16, 2010 in the United States District Court for the Northern District of Ohio.  For the

reasons set forth below, Cochran's petition should be DENIED.

I

The May 2005 term of the Cuyahoga County grand jury on two counts of

aggravated murder with firearm and felony murder specifications and four counts of

aggravated robbery with firearm specifications.  On August 23, 2006, Cochran pleaded guilty to one amended count of murder and one amended count of aggravated robbery. All other counts were nolled.  The court then sentenced Cochran to life imprisonment with a possibility of parole after 15 years for the murder conviction and to three years' imprisonment for the aggravated robbery conviction, the two sentences to be served consecutively.  Cochran failed to file a timely appeal from his conviction and sentence.

On December 4, 2006, Cochran filed *pro se* a motion for leave to file a delayed appeal for the purpose of withdrawing his guilty plea.  Cochran gave no reason for his failure to perfect a timely appeal.  On January 24, 2007, the state appellate court denied Cochran leave to appeal and dismissed his appeal *sua sponte*.  There is no indication in the record that Cochran appealed this decision to the Ohio Supreme Court.

On May 28, 2008, Cochran filed a second motion for leave to file a delayed appeal.  As a reason for his failure to file a timely direct appeal, he claimed ignorance of his right to file such an appeal because he was never informed, by his attorney or by the court, of his right to file such an appeal.  Cochran asserted three grounds for relief in his motion:

Ground One:

> Pettiner should be allowed to withdraw his guilty plea because he was misinformed about being subject to postrelease control if released, in violation of the constitutional protections contained in criminal Rule 11(C).

Ground Two:

> Petitioner's guilty plea was not made knowingly, intelligently or voluntarily because trial counsel coerced petitioner to plead guilty by using scare tactics and leading him to believe he was guilty of aggravated murder just for being present at the scene of the crime.

-2-

Ground Three:

> Petitioner's guilty plea was not made knowingly, intelligently or voluntarily because the trial court failed to comply with the due process protections contained in Criminal Rule 11(C), et seq.

Cochran failed to give any reason why these grounds for relief had not been raised in his previous motion for a delayed appeal. On May 6, 2008, the state appealte court denied Cochran leave to appeal; and on May 22, 2008, the appellate court dismissed his appeal *sua sponte*.

Cochran timely appealed the state appellate court's decision to the Ohio Supreme Court. In his memorandum in support of jurisdiction, Cochran asserted a single proposition of law:

> An indigent defendant is denied due process and equal protection of the law under the Ohio and United States Constitutions when he is denied counsel and denied an opportunity to file his first direct appeal where he was never informed by the trial court or defense counsel of his right to file an appeal within 30 days of his sentencing journal entry.

On October 1, 2008, the Ohio Supreme Court denied Cochran leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

Before initiating the appeals described above, Cochran filed in the trial court on September 5, 2006 a motion to withdraw his guilty plea. As grounds for withdrawal of his plea, Cochran claimed actual innocence and alleged that his attorney had frightened him into pleading guilty. The trial court failed to rule on his motion.

On October 10, 2006, Cochran filed in the trial court a petition for post-conviction relief. Cochran again asserted actual innocence, alleged a variety of trial errors, alleged ineffective assistance of trial counsel, asserted that there had been insufficient evidence against him, and again alleged that his attorney had frightened him into pleading guilty.

-3-

The trial court failed to rule on Cochran's petition.  Cochran moved to be permitted to file findings of fact and conclusions of law, and the trail court denied this motion on March 4, 2007.

On April 7, 2008, Cochran filed in the trial court a motion to amend or supplement his motion to withdraw his guilty plea and to combine his motion to withdraw with his petition for post-conviction relief.  Cochran proposed to amend his motion to withdraw his guilty plea as follows:

Ground One:

> Petitioner should be allowed to withdraw his guilty plea because he was misinformed about being subject to postrelease control if released, in violation of the constitutional protections contained in Criminal Rule 11(c).

Ground Two:

> Petitioner's guilty plea was not made knowingly, intelligently or voluntary [sic] because trial counsel coerced petitioner to plead guilty by using scare tactics and leading him to believe he was guilty of aggravated murder just for being present at the scene of the crime.

Ground Three:

> Petitioner's guilty plea was not made knowingly, intelligently or voluntarily because the trial court failed to comply with the due process protections contained in Criminal Rule 11(c), et seq.

(Punctuation altered from the original.)  On April 16, 2008, the trial court denied, without opinion, Cochran's motion for leave to amend or supplement his motion to withdraw his guilty plea and to combine that motion with his petition for post-conviction relief.

On May 20, 2008, Cochran filed in the trial court an amended or supplemented petition for post-conviction relief.  In his amended petition, Cochran asserted the same three grounds for relief that he had raised in his motion to withdraw his guilty plea and to

-4-

combine his motion to withdraw with his petition for post-conviction relief.  On June 6, 2008, the trial court denied without opinion Cochran's amended or supplemented petition for post-conviction relief.

On July 1, 2008, the trial court denied without opinion Cochran's motion to withdraw his guilty plea.

On September 10, 2008, the trial court filed an opinion denying Cochran's petition for post-conviction relief on the grounds of *res judicata*.  The court found that none of Cochran's claims depended upon evidence *dehors* the record and all could have been raised on direct appeal.

Cochran timely appealed the trial court's decision denying him leave to amend his motion to withdraw his guilty plea and combine that motion with his petition for post-conviction relief.  Cochran asserted a single assignment of error in his supporting brief:

> The trial court erred when it refused to allow the defendant leave to amend/supplement his postsentence motion and petition for postconviction relief and further erred when it would not allow the defendant to combine both motions as a single motion to withdraw his guilty plea.

The state moved to dismiss Cochran's petition because it was not based on a final appealable order.  The state appellate court granted this motion on July 1, 2008 and dismissed Cochran's appeal.

Cochran timely appealed to the Ohio Supreme Court the state appellate court's decision.  In his memorandum in support of jurisdiction, Cochran asserted a single proposition of law:

> An appellate court abuses its discretion when it dismisses an appeal for lack of a final appealable order when the defendant supplements the original pleading filed in the trial court which includes constitutional claims and the amended/supplemented motion for withdrawal of plea of guilty is never heard on the merits.

-5-

On December 3, 2008, the Ohio Supreme Court denied Cochran leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

Cochran timely appealed the trial court's denial of his motion to withdraw his guilty plea, its denial of his petition for post-conviction relief, and its denial of his amended supplemented petition for postconviction relief.  Upon Cochran's motion, the state appellate court consolidated Cochran's appeals.  In his brief in support of his appeal, Cochran asserted five assignments of error:[1]

Assignment of Error No. 1:

The trial court erred when it refused to allow the defendant leave to amend/ supplement his post-sentence motion to withdraw his guilty plea and his petition for postconviction relief and further erred when it would not allow the defendant to combine both motions as a single motion to withdraw his guilty plea.

Assignment of Error No. 2:

Petitioner should be allowed to withdraw his guilty plea because he was misinformed about being subject to postrelease control if released, in violation of the constitutional protections contained in Criminal Rule 11(c).

Assignment of Error No. 3:

Petitioner's guilty plea was not made knowingly, intelligently or voluntary [sic] because trial counsel coerced petitioner to plead guilty by using scare tactics and leading him to believe he was guilty of aggravated murder just for being present at the scene of the crime.

Assignment of Error No. 4:

Petitioner's guilty plea was not made knowingly, intelligently or voluntarily because the trial court failed to comply with the due process protections contained in Criminal Rule 11(c), et seq.

---

[1] On April 3, 2009, Cochran moved for leave to file a supplemental assignment of error.  The state appellate court denied this motion on April 15, 2009.

-6-

Assignment of Error No. 5:

> The appellant was denied his state constitutional right to a grand jury
> indictment and state and federal constitutional rights to due process were
> violated when his indictment omitted an element of the offense.

On April 20, 2009, the state appellate court affirmed the judgment of the trial court as to

both motions and the petition for postconviction relief.  It overruled Cochran's first

ground (failure to combine motions) after finding that, despite the trial court's denial of

his motion to amend, Cochran was able to include all his proposed claims in his

amended petition for postconviction relief.  Thus, Cochran was not prejudiced by the

decision, and the trial court did not abuse its discretion in denying the motion to amend.

It also found that, as the trial court had denied both his motions and his petition on the

merits, the trial court's denial of his motion to combine the motions did not affect the

outcome.  The state appellate court then examined Cochran's second, third, and fourth

grounds for relief, both as grounds for postconviction relief and as arguments for

allowing him to withdraw his guilty plea.  In viewing the second (misinformation about

postrelease control), third (scare tactics of counsel), and fourth (failure to comply

withOhio Crim R. 11(c)) grounds for relief as claims for postconviction relief, the

appellate court found that they were barred by *res judicata*.  In viewing the second,

third, and fourth grounds for relief as arguments for withdrawing his guilty plea, the state

appellate court found that they were without merit.  The state appellate court also found

that Cochran had waived his fifth assignment of error (error in the indictment) by

pleading guilty to the crime named in the indictment.[2]

---

[2]  As respondent concedes, it is not clear how the state appellate court disposed of
the fifth assignment of error.  The court seemed both to invoke the plain error doctrine,

Cochran appealed the state appellate court's decision to the Ohio Supreme Court.  In his memorandum in support of jurisdiction, Cochran asserted four propositions of law:

First Proposition of Law:

A defendant who receives inadequate notice of the offense to which he pleaded guilty, the plea [sic] is not made knowingly, intelligently or voluntarily and the judgment of conviction has been entered without due process of law both the Sixth and Fourteenth Amendments to the United States Constitution [sic].

Second Proposition of Law:

A defendant must be allowed to withdraw his guilty plea when he was misinformed about being subject to post release control if released, in violation of the constitutional protections contained in Criminal Rule 11(c).

Third Proposition of Law:

A defendant's guilty plea is not made knowingly, intelligently or voluntary [sic] where trial counsel coerced defendant to plead guilty.

Fourth Proposition of Law:

A defendant is denied his state constitutional right to a grand jury indictment and state and federal constitutional rights to due process were violated when his indictment omitted an element of the offense.

On July 29, 2009,  the Ohio Supreme Court denied Cochran leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

On September 11, 2009, Cochran moved in the trial court to void the judgment

_____

which would have the same effect on habeas review as a procedural default, and also cited an exception to the plain error doctrine.  *See State v. Cochran*, 2009 WL 943710, at *6-*7 (Ohio App. April 9, 2009); *see also* Return of Writ at 20-21.  Respondent displays reluctance to invoke the defense of procedural default under these circumstances, although respondent's brief is not entirely clear on this point, either.  As the fifth ground for relief is without merit, however, this court will address it on the merits.

-8-

against him pursuant to Ohio Civ. R. 60(B)(4)-(6).  The trial court denied Cochran's

motion on September 16, 2009.  Cochran appealed this decision, and the state

appellate court dismissed his appeal for failure to file the appropriate record.  Cochran

did not appeal this decision to the Ohio Supreme Court.

Cochran filed in this court a petition for writ of habeas corpus on March 11, 2010.

He raises four grounds for relief:

> **GROUND ONE**:  Petitioner should be allowed to withdraw his guilty plea because
> he was misinformed about being subject to post release control if released in
> violation of the constitutional protections contained in criminal rule 11c [sic].

> **GROUND TWO**:  Petitioner's plea was not made knowingly, intelligently or
> voluntarily because trial counsel coerced petitioner to plead guilty by using scare
> tactics and leading defendant to believe he was guilty of murder just for being
> present on scene of crime [sic].

> **GROUND THREE**:  Petitioner [sic] plea was not made knowingly, intelligently or
> voluntarily because trial court failed to comply with the due process protections
> contained in Criminal Rule 11(c).

> **GROUND FOUR**:  Defendant was denied his state constitutional right to a grand
> jury indictment and state and federal constitutional right to due process were
> violated when indictment omitted an essential element of offense [sic].

Respondent filed an Answer/Return of Writ on October 7, 2010.  Doc. No. 11.  Cochran

filed a Traverse on December 3, 2010.  Doc. No. 15.  Thus, the petition is ready for

decision.

II

*A.  Jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Cochran.

Cochran filed his writ of habeas corpus in the Northern District of Ohio and raises claims

regarding the constitutionality of his incarceration under 28 U.S.C. § 2254:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d).  Cuyahoga County is within this court's geographic jurisdiction.  This court has jurisdiction over Cochran's petition.

B.    *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. § 2254(e)(2).  There is no need for an evidentiary hearing in the instant case.  All of Cochran's claims involve legal issues which can be independently resolved without additional factual inquiry.

C.    *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus.  28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted state remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir.

-10-

1989).  "[O]nce the federal claim has been fairly presented to the state courts, the

exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275; *see also Harris v.*

*Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986).  The exhaustion requirement is properly

satisfied when the highest court in the state in which petitioner was convicted has been

given a full and fair opportunity to rule on all the petitioner's claims.  *Manning v.*

*Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity

between the federal government and the states:

> The exhaustion doctrine is principally designed to protect the state courts' role in
> the enforcement of federal law and prevent disruption of state judicial
> proceedings. . . . Because "it would be unseemly in our dual system of
> government for a federal district court to upset a state court conviction without an
> opportunity to the state courts to correct a constitutional violation," federal courts
> apply the doctrine of comity, which "teaches that one court should defer action on
> causes properly within its jurisdiction until the courts of another sovereignty with
> concurrent powers, and already cognizant of the litigation, have had an
> opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204

(1950)) (other citations omitted).  Because exhaustion is a matter of comity, a petition

containing unexhausted claims may be denied on the merits.  28 U.S.C. § 2254(b)(2).

Cochran has no state remedies available for his claim.  Because no state

remedies remain available to him, Cochran has exhausted state remedies.

D.      *Procedural default*

Reasons of federalism and comity generally bar federal habeas corpus review of

"contentions of federal law . . .  not resolved on the merits in the state proceeding due to

respondent's failure to raise them there as required by state procedure."  *Wainwright v.*

*Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

-11-

has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Procedural default occurs when a petitioner fails to present fairly to the highest state court his claims in a federal constitutional context.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*,  459 U.S. 4 (1982).

If the state argues that a petitioner has procedurally defaulted his claims, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction.  . . . Third, the court must decide whether the state procedural forfeiture is an  "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  A default will also be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.

Respondent does not argue that Cochran has procedurally defaulted any of his

-12-

claims.[3]

III.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.  *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000).  Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  *Carey*, 127 S. Ct., at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

---

[3]  As already discussed in footnote 2, it is not clear whether respondent invokes procedural default as to Cochran's fourth ground for relief, and this court will address this claim on the merits.  Respondent also notes that Cochran committed various procedural defaults in the state courts by failing to raise them on direct appeal but that the defaulted claims were also presented in his motion to withdraw his guilty plea, which the state appellate court considered on the merits, thus waiving Cochran's defaults.

-13-

Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result.  *Id.* at 405-06.  "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases."  *Id.* at 405.  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.  *Doan v. Brigano,* 237 F.3d 722, 729-31 (6th Cir. 2001).  The court will examine Cochran's grounds for relief using the deferential standard applied to state court rulings on the petitioner's claims.

A.    *Grounds one, two, and three:  Whether the trial court erred in refusing to allow Cochran to withdraw his guilty plea because it was not knowing, intelligent, and voluntary*

Cochran argues that the state trial court erred in refusing to allow Cochran to withdraw his guilty plea.  According to Cochran, his guilty plea was not knowing, intelligent, and voluntary in the following respects:  (1) he was misinformed about being subject to post release control if released, in violation of the constitutional protections contained in criminal rule 11(c); (2) trial counsel coerced Cochran to plead guilty by

-14-

using scare tactics to convince Cochran that he was guilty of murder because he was present at the scene of the crime; and (3) the trial court failed to comply with the due process protections contained in Criminal Rule 11(c).

"[T]he right to jury trial in serious criminal cases is a fundamental right and hence must be recognized by the States as part of their obligation to extend due process of law to all persons within their jurisdiction." *Duncan v. Louisiana,* 391 U.S. 145, 154 (1968).  "[T]he maintenance of the jury as a fact finding body in criminal cases is of such importance . . . that, before any waiver can become effective, . . . .the express and intelligent consent of the defendant" is required.  *Patton v. United States,* 281 U.S. 276, 312-13 (1930).

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)).  The voluntariness of a plea is measured by "considering all of the relevant circumstances surrounding it."  *Brady v. United States,* 397 U.S. 742, 749 (1970).  A court should ensure that a plea is voluntary by conducting a colloquy on the record that includes, *inter alia*, a determination that the defendant understands the permissible range of sentences.  *Boykin v. Alabama,* 395 U.S. 238, 242 n.7 (1969).  A failure by the defendant's attorney or by the court to ensure that defendant has correct information about his maximum potential sentence is grounds for a grant of habeas relief.  *Hart v. Marion Correctional Institution,* 927 F.2d 256 (6th Cir. 1991); *Pitts v. United States,* 763 F.2d 197 (6th Cir. 1985) .  A failure to inform a defendant regarding parole, however, is not grounds for habeas relief, as

-15-

parole is not a direct consequence of a guilty plea. *Armstrong v. Egeler,* 563 F.2d 796, 800 (6th Cir. 1977).

The court shall examine in turn each of Cochran's claims that his plea was not knowing and voluntary.

1.    *Ground one: Whether Cochran was misinformed about being subject to post release control if released*

Cochran asserts that his plea was not knowing and voluntary because the trial court failed to inform him that he would be subject to any post-release control after his release from imprisonment or that he would be subject to post-release control for five years. Respondent denies that the trial court failed to tell Cochran of post-release control.

The state appellate court reviewing the corresponding assignment of error on appeal found as follows:

{¶ 22} In the instant case, the following colloquy took place at defendant's plea hearing:

{¶ 23} "THE COURT: You are not eligible for probation or community control sanctions. In fact, you will go to jail and upon release from jail you will be placed on what they call post release control, PRC, Mr. Cochran, for 5 years. There will be certain terms and conditions you will follow. If you choose to violate those terms and conditions, they can incarcerate you, sir.

{¶ 24} "Do you understand that?

{¶ 25} "THE DEFENDANT: Yes."

*Cochran*, 2009 WL 943710 at *4. Examination of the transcript of Cochran's plea colloquy confirms the accuracy of the state appellate court's account. Transcript of Proceedings, August 23, 2006 ("Tr."), attached to Amended/Supplemented Motion to Withdraw Guilty Plea, Return of Writ, Exh. 20, p. 16. Thus, Cochran's claim that the trial

-16-

court failed to tell him that he would be subject to five years' post-release control upon release from imprisonment is simply wrong.

As the factual basis for Cochran's first claim for relief is erroneous, that ground for relief should be dismissed.

1.    *Ground two:  Whether Cochran's plea was not knowing and voluntary because trial counsel coerced him into pleading guilty*

Cochran alleges that his plea was not knowing and voluntary because trial counsel coerced him into pleading guilty by incorrectly informing him that he could be found guilty of aggravated murder because he was present at the scene of the crime. Respondent contends that Cochran has failed to show that the state appellate court erred when it determined that there is no evidence that defendant's counsel gave him defective advice or coerced him into pleading guilty.

The state appellate court reviewing the corresponding assignment of error on appeal found as follows:

{¶ 31} The record is clear that defendant was indicted for aggravated murder in violation of R.C. 2903.01(A), with a felony murder and firearm specifications.  Pursuant to R.C. 2929.02(A), "[w]hoever is convicted of or pleads guilty to aggravated murder in violation of section 2903.01 of the Revised Code shall suffer death or be imprisoned for life * * *."  Defendant's plea hearing was held on Wednesday, August 23, 2006, and at that hearing, the court told defendant that his "capital murder case" was scheduled for trial the following Monday.

{¶ 32} Furthermore, the United States Supreme Court has held that "Ohio law considers aiders and abettors equally in violation of the aggravated murder statute, so long as the aiding and abetting is done with the specific intent to cause death."  *Bradshaw v. Stumpf* (2005), 545 U.S. 175, 184, 125 S.Ct. 2398, 162 L.Ed.2d 143, citing *In re Washington* (1998), 81 Ohio St.3d 337, 691 N.E.2d 285 and *State v. Scott* (1980), 61 Ohio St.2d 155, 165, 400 N.E.2d 375.

{¶ 33} Additionally, in *State v. Johnson,* 93 Ohio St.3d 240, 245-246, 754 N.E.2d 796, 2001-Ohio-1336, the Ohio Supreme Court held that "to support a

conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal."  The *Johnson* Court also held that "*participation in criminal intent may be inferred from presence,* companionship and conduct before and after the offense is committed." (Internal citations omitted; emphasis added.) *Id.* at 245, 754 N.E.2d 796.

{¶ 34} Accordingly, there is no evidence that defendant's counsel gave him defective advice or coerced him into pleading guilty.  See *Brady v. United States* (1970), 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (holding that "a plea of guilty is not invalid merely because entered to avoid the possibility of a death penalty").

*Cochran*, 2009 WL 943710 at *5.  Cochran does not demonstrate or attempt to demonstrate that the state appellate court's factual findings or legal conclusions were erroneous.  As was the case at the state appellate court level, Cochran has failed to demonstrate in this case that his guilty plea was not knowing and voluntary due to coercion or defective advice from counsel.

3.  *Ground three:  Whether Cochran's plea was not knowing and voluntary because the trial court failed to comply with due process protections in Ohio Crim R. 11(c).*

Cochran alleges that his plea was not knowing and voluntary because the court failed to question Cochran regarding his confusion about the law and failed to make certain that he understood the charges against him after Cochran told the court that he did not commit the crimes of which he was accused.  According to Cochran, this resulted in Cochran's continuing to believe, incorrectly, that he was guilty of aggravated murder because he was present at the scene of the murder and robbery.  Respondent denies that the court failed in its duty to investigate potential confusion regarding the murder of which Cochran was accused.

-18-

When a defendant enters a guilty plea but "is unwilling or unable to admit his participation in the acts constituting the crime," *North Carolina v. Alford,* 400 U.S. 25, 37 (1970), the court should not accept a guilty plea "until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence," *id.* at 38 n.10.  When, however, there is a strong factual basis for the defendant's guilt and a willingness to plead guilty, it is not constitutional error to accept a guilty plea despite a claim of innocence.  *Id.* at 38.

After the court had accepted his plea of guilty, Cochran spoke prior to sentencing.  He said the following:  "I want to let [the murder victim's family] know that I didn't kill Raymond Maxwell, but according to the law I'm guilty of murder that I didn't commit and robbery that I didn't commit because I was there."  Tr. at 21.

The state appellate court reviewing the parallel claim on appeal analyzed Cochran's claim solely as a state law claim:

> {¶ 35} Defendant's final argument regarding his guilty plea is that the court failed to adequately inquire whether he understood the nature of the charges against him. . . . Crim.R. 11(C)(2)(a) requires that a court must address a defendant personally and determine that he or she "is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved ***."  This is a nonconstitutional right, and we review alleged errors for substantial compliance.  *See Nero*, supra. "Crim.R. 11(C)(2) only requires that court to apprise an accused of the nature of the crime charged, not the substantive elements. *** In *State v. Ballard* (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, the court stated: '***We hold that a rote recitation of Crim.R. 11(C) is not required, and failure to use the exact language of the rule is not fatal to the plea.  Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to the defendant.'"  *State v. Durden* (May 17, 2001), Cuyahoga App. No. 78068, 2001 Ohio App. LEXIS 2180.

> {¶ 36} In the instant case, the court explained to defendant at his plea hearing that he would be pleading guilty to two charges, murder and aggravated robbery.  The court then defined those two offenses, explained to defendant the

-19-

felony classifications and maximum penalties involved, and explained the charges and specifications the state was going to dismiss in exchange for defendant's guilty plea. Finally, the court explained the constitutional rights that defendant was waiving by pleading guilty. After each step in this Crim.R. 11(C) hearing, the court asked defendant if he understood what was just explained to him; in each instance, defendant answered that yes, he understood. Thus, the court did not err when it determined that defendant's plea was made knowingly, intelligently, and voluntarily, and the court did not abuse its discretion when it denied defendant's motion to withdraw his guilty plea.

*Cochran*, 2009 WL 943710 at *6. Cochran does not demonstrate that the trial court erred in its findings of fact or conclusions of law. In addition, Cochran's attorney represented to the court during the plea colloquy that he had reviewed the transcript of a co-defendant's trial in detail and discussed that review with Cochran; that he had reviewed Cochran's constitutional rights with him and that Cochran understood those rights; that Cochran understood the agreed-upon sentence in return for his plea of guilty; that no threats, promises, or other inducements had been made to Cochran to obtain his plea; and that the plea was knowing and voluntary. When asked by the court, Cochran stated that he was satisfied with the performance of his attorneys.

At the time Cochran announced that he believed he was guilty of murder "because I was there," the court had already accepted his guilty plea and was under no obligation to investigate Cochran's statement pursuant to *Alford*.[4] As the court was under no constitutional obligation to investigate Cochran's remarks, there was no constitutional error in failing to do so. In addition, as described by the state appellate court above and considering the representations of Cochran and his attorney at the plea

---

[4] Moreover, Cochran's statement was by no means an unequivocal declaration of innocence. It is just as likely that he was referring to Ohio's law regarding aiding and abetting or that he was asserting that he was not the principal.

colloquy, there is no evidence that Cochran's plea colloquy violated his due process rights in any respect.  For these reasons, Cochran's third ground for relief should be dismissed.

B.      *Ground four:  Whether the trial court violated his right to due process by convicting him upon on indictment that omitted an essential element of the offense*[5]

Cochran alleges in his fourth ground for relief that his conviction violated due process because his indictment for aggravated robbery failed to include the *mens rea* of "knowing," an essential element of the offense.  Respondent replies that Cochran's guilty plea waived this claim.

When a defendant enters a knowing, intelligent, and voluntary guilty plea, he can no longer challenge the constitutionality of any conduct that came before the plea:

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollette v. Henderson,* 411 U.S. 258, 267 (1973).

By pleading guilty to aggravated robbery, Cochran waived any claim of deprivation of  unconstitutional rights occurring before the guilty plea.  Consequently, he may not now claim that his constitutional rights were violated by an infirm indictment.  For this reason, Cochran's fourth ground for relief should be dismissed.

---

[5]  Cochran also alleges that his conviction denied him his state constitutional right to an indictment.  Cochran may only obtain relief for violations of rights protected by the federal constitution and federal law, not for violations of rights protected by state constitutions and laws.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)

IV.

For the reasons given above, Cochran's petition should be DENIED as without merit.

Date:  August 10, 2011                    s/ Nancy A. Vecchiarelli
                                          United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.

-22-